UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
                              )
ROBERT LEDERMAN,              )
                              )
          Plaintiff,          )
                              )
     v.                       ) Civil Action No. 99-3359 (RWR)
                              )
UNITED STATES OF AMERICA,     )
et al.,                       )
                              )
          Defendants.         )
                              )
```

**FILED**

JUL 2 · 2003

NANCY MAYER-WHITTINGTON, CLERK
U S DISTRICT COURT

### MEMORANDUM OPINION

Plaintiff Robert Lederman filed this lawsuit challenging on First Amendment grounds a no-demonstration regulation promulgated by the Capitol Police Board and seeking monetary damages for his arrest pursuant to the regulation.  The federal defendants have moved to dismiss or for summary judgment, the District of Columbia defendants have moved to dismiss, and plaintiff has moved for partial summary judgment and for an amended permanent injunction.  Because the regulation is unconstitutional as to all public areas of the "core" Capitol Grounds, plaintiff is entitled to summary judgment on that issue and to an amended permanent injunction.  Because the arresting officers had probable cause to arrest plaintiff, his claims for monetary damages against the federal defendants under the Federal Tort Claims Act and against

-2-

the District of Columbia defendants under 42 U.S.C. § 1983 fail
as a matter of law.

BACKGROUND

The background of this case is set forth fully in the
opinion by the United States Court of Appeals for the District of
Columbia Circuit.  See Lederman v. United States, 291 F.3d 36,
39-41 (D.C. Cir. 2002).  Briefly, plaintiff was arrested by the
Capitol Police for distributing leaflets in a "no-demonstration
zone" on the sidewalks at the foot of both the House and Senate
steps on the Capitol's East Front ("East Front sidewalk").

DISCUSSION

Defendants have moved to dismiss or for summary judgment and
plaintiff has moved for partial summary judgment on his First
Amendment claim and for an amended permanent injunction.
"Summary judgment is appropriate when evidence on file shows
'that there is no genuine issue as to any material fact and that
the moving party is entitled to a judgment as a matter of law.'"
America's Community Bankers v. Federal Deposit Insurance Corp.,
200 F.3d 822, 831 (D.C. Cir. 2000) (quoting Fed. R. Civ. P.
56(c)).  "Not all alleged factual disputes represent genuine
issues of material fact which may only be resolved by a jury.
Material facts are those that might affect the outcome of the

suit under governing law, and a genuine dispute about material facts exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. (internal quotations omitted).

I.   FIRST AMENDMENT CLAIM

The Court of Appeals held that the "no-demonstration" regulation at issue in this case was unconstitutional as applied to the East Front sidewalk.[1] See Lederman, 291 F.3d at 46. Plaintiff has now moved for summary judgment on his First Amendment claim and for an amended permanent injunction which would cover all public areas of the core Capitol Grounds in addition to the East Front sidewalk.[2]

---

[1] The federal defendants initially moved to dismiss plaintiff's First Amendment claim based on their belief that the appellate court held in this case that the regulation was unconstitutional as applied to areas other than the East Front sidewalk. Upon closer reading of the appellate court decision, the federal defendants recognized that the court's *holding* was limited to the East Front sidewalk. See Federal Defendants' Memorandum filed March 25, 2003, at 5 n.1. Consequently, federal defendants' motion to dismiss the First Amendment claim as moot will be denied.

[2] Plaintiff has identified the core Capitol Grounds as the portion of the Capitol Grounds bounded by Constitution Avenue N.W./N.E., Independence Avenue S.W./S.E., First Street N.E./S.E., and First Street N.W./S.W.

-4-

While specifically declining to decide the "public forum status of 'no-demonstration zones' other than the sidewalk where [plaintiff] was arrested," the Court of Appeals in this case noted that, for purposes of the public forum analysis, there was no basis for distinguishing between the East Front sidewalk and the remainder of the core Capitol Grounds.  See id. at 41, 43. The Court of Appeals stated that "like the rest of the Capitol Grounds, the sidewalk is a traditional public forum."  Id. at 44. Absent a showing that the remaining core Capitol Grounds should be treated differently from the East Front sidewalk, the "no-demonstration" regulation is equally unconstitutional as applied to those areas.  Plaintiff is entitled to summary judgment on his claim challenging the constitutionality of the regulation and is also entitled to an amended permanent injunction extending beyond the East Front sidewalk to all public areas of the core Capitol Grounds.

II.  CLAIMS RELATING TO PLAINTIFF'S ARREST

Plaintiff asserts causes of action for false arrest and false imprisonment against the federal defendants under the Federal Tort Claims Act and a cause of action based on his arrest against the District of Columbia defendants under 42 U.S.C. § 1983.  "To prove false arrest and imprisonment, [plaintiff is]

-5-

required to demonstrate that the police acted without probable
cause, in an objective constitutional sense, to effectuate his
arrest." Taylor v. District of Columbia, 691 A.2d 121, 125 (D.C.
1997).  Similarly, the initial inquiry in a § 1983 claim based on
an arrest is whether the law enforcement officers had probable
cause to arrest the plaintiff.  See District of Columbia v.
Minor, 740 A.2d 523, 529 (D.C. 1999).

    An officer has probable cause to arrest an individual when
the officer has information at the moment of arrest that is
reasonably trustworthy and is sufficient to permit a reasonably
prudent officer to believe that the individual has committed or
is committing an offense.  Id.  In this case, it is undisputed
that the arresting officers observed plaintiff engaging in
conduct prohibited by the "no-demonstration" regulation, namely,
distributing leaflets on the East Front sidewalk.  As a result,
the officers had probable cause to believe that plaintiff was
violating the regulation.  The District of Columbia Circuit held
in this case that the officers were not on notice that the
regulation was unconstitutional.  See Lederman, 291 F.3d at 46-
47.  Because the arresting officers had probable cause,
defendants are entitled to summary judgment on the FTCA and the
§ 1983 claims.

## CONCLUSION

Although the District of Columbia Circuit did not directly resolve the issue regarding the constitutionality of the regulation as to all public areas of the core Capitol Grounds, its decision together with defendants' failure on remand to show that the remaining core Capitol Grounds should be treated differently establish that the subject regulation is unconstitutional as to those remaining areas.  As a result, plaintiff is entitled to summary judgment.  Because the undisputed facts establish that the arresting officers had probable cause to arrest plaintiff, plaintiff's claims for damages based on his arrest fail.

Accordingly, the federal defendants' motion to dismiss or for summary judgment will be denied as to the First Amendment claim.  Plaintiff's motion for partial summary judgment on the First Amendment claim and motion for amended permanent injunction will be granted.  Plaintiff's FTCA claim against the federal defendants and his § 1983 claim against the District of Columbia defendants fail as a matter of law.  An Amended Permanent Injunction and a final judgment will be issued separately.

-7-

SIGNED this _1st_ day of _July_, 2003.

_____
RICHARD W. ROBERTS
United States District Judge