**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                              )
ROBERT LEDERMAN,              )
                              )
        Plaintiff,            )
                              )
        v.                    )      Civil Action No. 99-3359 (RWR)
                              )
UNITED STATES OF AMERICA,     )
*et al.*,                     )
                              )
        Defendants.           )
_____)

<u>**MEMORANDUM OPINION AND ORDER**</u>

In his second amended complaint, plaintiff Robert Lederman seeks damages under 42 U.S.C. § 1983 from the District of Columbia (the "District") for having been prosecuted under an unconstitutional regulation, and requests declaratory relief binding against District and the District's Attorney General, formerly known as the Corporation Counsel (collectively, the "District defendants").[1]  The District defendants have moved to dismiss.  Because the District defendants have not shown that Lederman can prove no set of facts supporting his § 1983 damages claim against the District, the motion will be denied as to the damages claim.  Because Lederman's claim for declaratory relief

_____

[1]  Lederman's claims against other defendants have been previously disposed of.  <u>See</u> Slip. Op., <u>Lederman v. United States et al.</u>, Civ. A. No. 99-3359 (RWR) (D.D.C. July 1, 2003). Although the second amended complaint seeks injunctive relief against the District defendants, Lederman has since abandoned that claim.  (<u>See</u> Pl.'s Opp'n to D.C. Defs.' Mot. to Dismiss ("Opp'n") at 3.)

-2-

is moot and because no claims remain as to the District's

Attorney General, the remainder of the motion to dismiss will be

granted.

BACKGROUND

An act of Congress charges the Capitol Police Board with

regulating the "movement of all vehicular and other traffic . . .

within the United States Capitol Grounds."  2 U.S.C. § 1969(a)

(2000) (formerly codified as 40 U.S.C. § 212(b)(2000)).  The

statute also obligates the Mayor of the District of Columbia or

his designee, upon request by the Capitol Police Board, to

cooperate with the Board in preparing the regulations promulgated

under authority of this statute.  See 2 U.S.C. § 1969(d).

Further, the statute mandates that "[p]rosecutions for violation

of such regulations shall be in the Superior Court of the

District of Columbia, upon information by the [Attorney General]

of the District of Columbia or any of his assistants."  Id.  The

Council of the District of Columbia elected to adopt this act of

Congress in whole and without substantive alteration.  See D.C.

Code § 10-03.25 (2001) (formerly codified as D.C. Code § 9-127

(1981)).

Acting on this authority, the Capitol Police Board

promulgated a regulation restricting "demonstration activity,"

including "leafleting . . . or other expressive conduct," in

certain areas on the Capitol Grounds.  Capitol Grounds

-3-

Regulations art. XIX § 158.  No party has said whether the
District's Mayor or his designee was asked to or in fact did
assist in preparing this regulation.

Lederman, intending to publicize a lawsuit, distributed
leaflets and carried a sign in the area of the Capitol Grounds
where the regulation prohibited such activity.  He was arrested
and prosecuted in a criminal action brought by the District's
then-Corporation Counsel in the Superior Court for the District.
Lederman was acquitted when the hearing commissioner found the
regulation unconstitutional on its face and as applied.  See
Lederman v. United States, 89 F. Supp. 2d 29, 31-32 (D.D.C.
2000).

Filing this case, Lederman obtained both a declaration that
the regulation on its face infringed the free speech guarantee of
the First Amendment and a permanent injunction prohibiting the
Capitol Police from enforcing the regulation.  Id. at 43.  He now
seeks damages under 42 U.S.C. § 1983 from the District for
prosecuting him pursuant to its statute and custom.  He also
seeks to have the previously issued declaratory judgment made
binding on the District defendants.  (See Opp'n at 3.)

## DISCUSSION

A motion to dismiss should not be granted "unless it appears
beyond doubt that the plaintiff can prove no set of facts in
support of his claim which would entitle him to relief."  Conley

-4-

v. Gibson, 355 U.S. 41, 45-46 (1957).  The complaint must be

construed in the light most favorable to the plaintiff and a

"court must assume the truth of all well-pleaded allegations."

Warren v. Dist. of Columbia, 353 F.3d 36, 39 (D.C. Cir. 2004).

I.    DAMAGES UNDER 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides

that:

> Every person who, under color of any statute,
> ordinance, regulation, custom, or usage of any State or
> Territory or the District of Columbia, subjects or causes to
> be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of
> any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper
> proceeding for redress . . . .  For purposes of this
> section, any Act of Congress applicable exclusively to the
> District of Columbia shall be considered to be a statute of
> the District of Columbia.

A.    A statute of the District

The parties dispute whether the regulation impermissibly

infringing free speech was authorized by an "Act of Congress

applicable exclusively to the District of Columbia" such that it

must "be considered to be a statute of the District of Columbia."

42 U.S.C. § 1983.  Lederman argues that the last sentence of

§ 1983 applies to the statute authorizing the promulgation of the

unconstitutional regulation, and that the statute and ensuing

regulation must be considered laws of the District for purposes

of § 1983.  (See Opp'n at 4-5.)  The District defendants argue

that "Capitol Police Board regulations are not within the 'narrow

-5-

sphere' of laws applicable exclusively to the District of
Columbia[,]" and that the "regulations are not enacted for the
general welfare of the District, but for the specific benefit of
the United States Congress."  (D.C. Defs.' Reply at 3.)  They
conclude that the statute and regulation at issue are not
District laws.

Accepting Lederman's argument would require a construction
of the term "exclusive" that would alter its ordinary meaning.
By its express terms, the statute applies exclusively to the
Capitol Grounds.  See 2 U.S.C. § 1969(a) (regulating traffic only
"within the United States Capitol Grounds").  Lederman argues
that because the Capitol Grounds sit wholly within the District,
the statute also applies exclusively to the District.  Using
Lederman's logic, any law that applied exclusively to the
District would also apply "exclusively" to the United States,
because the District sits wholly within the United States.  This
conclusion renders the last sentence of § 1983 meaningless.  See
42 U.S.C. § 1983 ("For purposes of this section, any Act of
Congress applicable exclusively to the District of Columbia shall
be considered to be a statute of the District of Columbia.").
"[T]erms in a statute should not be construed so as to render any
provision of that statute meaningless or superfluous."  Beck v.
Prupis, 429 U.S. 494, 506 (2000) (referring to "the longstanding
canon of statutory construction"); Abourezk v. Reagan, 785 F.2d

-6-

1043, 1054 (1986) (referring to the "familiar canon of statutory

construction [that] cautions the court to avoid interpreting a

statute in such a way as to make part of it meaningless") (citing

2A Norman J. Singer, Sutherland Statutes and Statutory

Construction § 46.06 (4th ed. 1984)).  Lederman does not

identify, and the court is not aware of, any prior decision that

would support his construction of § 1983's term, "applicable

exclusively to the District of Columbia."[2]

Here, however, it is not necessary to decide whether the

statute, which pertains exclusively to regulating traffic on the

Capitol Grounds, is within the class of statutes reached by the

last sentence of § 1983.  In this case, the District Council

affirmatively adopted the statute in question and thus, by its

---

[2]  A comparison of this law with laws that do apply
exclusively to the District only bolsters the conclusion that a
law applying exclusively to the Capitol Grounds is not one that
applies exclusively to the District.  Laws that have been held to
apply exclusively to the District are concerned with the welfare
and rights of District residents District-wide, not merely the
regulation of traffic on federal property.  See, e.g., Fletcher
v. Dist. of Columbia, 370 F.3d 1223, 1228 (D.C. Cir. 2004)
(stating that the National Capital Revitalization and Self-
Government Act of 1997 passed by Congress and governing parole
for District prisoners, is a District of Columbia law for
purposes of § 1983); Turner v. Dist. of Columbia Bd. of Elections
and Ethics, 354 F.3d 890, 897 (D.C. Cir. 2004) (stating that the
Barr Amendment to the District of Columbia Appropriations Act,
passed by Congress and barring the use of appropriated funds for
conducting certain ballot initiatives in the District, is a
District of Columbia law for purposes of § 1983); McKinney-Byrd
Academy Public Charter School v. Dist. of Columbia, Civil Action
No. 04-2230 (RBW), 2005 WL 1902873 (D.D.C. July 21, 2005)
(finding that the District of Columbia School Reform Act, passed
by Congress, applied exclusively to the District).

-7-

action, officials with authority to speak for the District made
it a District statute.  See Monell v. Dep't of Soc. Servs. of the
City of New York, 436 U.S. 658, 694 (1978) ("[I]t is when
execution of a [local] government's policy or custom, whether
made by its lawmakers or by those whose edicts or act may fairly
be said to represent official policy, inflicts the injury that
the [local] government as an entity is responsible under
§ 1983.").

 B. The District's responsibility for the regulation

 The District defendants also argue that the District is not
subject to municipal liability under § 1983 because it is not
responsible for promulgating the unconstitutional regulation.
Any § 1983 municipal liability must be premised on the
municipality's responsibility for the offending official policy
or custom.  See id.  A plaintiff must "show fault on the part of
the city based on a course of action its policy-makers
consciously chose to pursue."  Carter v. Dist. of Columbia, 795
F.2d 116, 122 (D.C. Cir. 1986).  "A city is answerable under
[§ 1983] when an official policy or custom causes the complainant
to suffer a deprivation of [a] constitutional right.  To hold a
municipality accountable, the plaintiff must establish that the
official policy or custom itself is 'the moving force of the
constitutional violation.'"  Id. (quoting Monell, 436 U.S. at 694
and citing Polk County v. Dodson, 454 U.S. 312, 326 (1981)).

-8-

"[M]unicipal liability under § 1983 attaches where -- and only where -- a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question."  Pembauer v. City of Cincinnati, 475 U.S. 469, 483 (1986).  Where "the local officials could not act otherwise without violating state or federal law," and where local "officials have no discretion that they could exercise in the plaintiff's favor," a local government does not incur responsibility under § 1983.  Bethesda Lutheran Homes and Servs. v. Leean, 154 F.3d 716, 718 (7th Cir. 1998).

   Here, relying heavily on the holding in Bethesda Lutheran, the District defendants argue that the District cannot be held liable for § 1983 damages because the regulation was promulgated under authority of an act of Congress and the District had no choice but to accede to Congress' dictate.  It is true that Congress is the ultimate legislative authority for the District and may delegate and revoke that authority as it wishes.  See Fireman's Ins. Co. of Washington, D.C. v. Dist. of Columbia, 483 F.2d 1323, 1327 (D.C. Cir. 1971) (citing Dist. of Columbia v. Thompson Co., 346 U.S. 100, 109 (1953)) (footnotes omitted).  In case of conflict, acts of Congress prevail over enactments by the municipal authority of the District.  Md. & D.C. Rifle & Pistol Ass'n, Inc. v. Washington, 442 F.2d 123, 130 (1971).  Still, the

-9-

District defendants' argument that the District is not

responsible for Lederman's injury suffers from two fatal flaws.

First, it rests on the false premise that the District was

without a choice and ignores the fact that the District elected

to adopt the statute under which the regulation was promulgated.

The District was not obligated to adopt the statute as its own,

even though it was prohibited from enacting any statute to amend

or repeal the act passed by Congress.  See D.C. Code § 1-

206.02(a)(3) (2001) (prohibiting the Council from "[e]nact[ing]

any act, or enact[ing] any act to amend or repeal any Act of

Congress, which concerns the functions or property of the United

States . . . .").  See also, generally, D.C. Code § 1-201.01 et

seq. (2001) ("District of Columbia Home Rule Act") (setting forth

the restrictions and obligations of the Council vis-a-vis

Congress, and not requiring the Council to adopt any act of

Congress concerned with regulating traffic on the Capitol

Grounds).

Second, the argument ignores the fact that Lederman does not

seek damages for the existence of the regulation, but for his

prosecution by the District's Attorney General who acted under

color of District law and in accord with District policy and

custom in undertaking his prosecution.  (See Sec. Am. Compl.

¶¶ 49-50.)  The governing statute does not require the District's

Attorney General actually to prosecute all violations of the

-10-

Capitol Police Board regulations.  It merely identifies by whom
the prosecutions will be undertaken and where they will be heard
*if* they are brought at all.  Thus, the statute mandates the
choice of prosecutors, but not the prosecutor's choices.  Public
prosecutors across this nation, and in the District, are
professionally obligated to screen cases according to various
criteria, not the least of which is legal soundness.  In
prosecuting Lederman, the District's Attorney General chose from
among alternatives which included not to prosecute Lederman.  The
Attorney General acted under color of a District statute and
executed the District's "policy or custom, . . . made by its
lawmakers or by those whose edicts or acts may fairly be said to
represent official policy[.]"  Monell, 436 U.S. at 694.

    C.   Prosecutorial immunity

    The District defendants also argue that the same
prosecutorial immunity, recognized in Imbler v. Pachtman, 424
U.S. 409 (1976), that protects prosecutors from individual
liability extends to immunize the District.  (See D.C. Defs.'
Mot. to Dismiss at 4-7.)  In support of their position, the
District defendants argue that the Supreme Court's reasoning in
Kalina v. Fletcher, 522 U.S. 118 (1997), which emphasized
protecting prosecutorial decision-making rather than the
individual prosecutor, implicitly establishes that a personal

-11-

immunity defense may be extended to protect a municipality from
liability.

The District defendants' argument is founded on phrases from
the Kalina opinion that are taken out of context, and stretches
Kalina beyond its limits.  The holding in Kalina is limited to
the rule that when a prosecutor performs a function that is not
exclusively a prosecutorial function, the traditional personal
immunity extended to a prosecutor does not apply.  522 U.S. at
124-30.  Furthermore, the District defendants' argument directly
contravenes the express rule that a municipal corporation does
not, by extension, enjoy the benefit of the personal immunities
defenses of its officials and employees.  Owen v. City of
Independence, 445 U.S. 622, 650-52 (1980) (discussing and
rejecting the argument that personal immunity may be extended to
a municipal corporation).  The District defendants have not shown
that the rule of Owen has lost it vitality or does not apply to
these facts.

In sum, the District defendants have not shown that Lederman
can prove no set of facts consistent with his allegations that
the District's Attorney General was acting under color of
District law, custom or policy in prosecuting Lederman for
violating the unconstitutional regulation.  Accordingly, the
District defendants' motion to dismiss Lederman's § 1983 damages
claim against the District will be denied.

-12-

II.  DECLARATORY RELIEF

Lederman asks that the declaratory judgment issued March 14,

2000, see Lederman v. United States, 89 F. Supp. 2d at 43, and

affirmed by the Court of Appeals for the District of Columbia

Circuit, 291 F.3d 36, 48 (2002), be made applicable to the

District defendants.  (See Opp'n at 3.)  Because the judgment has

already declared the regulation unconstitutional, the regulation

cannot serve as the basis for prosecution by any entity, and

there is no reasonable basis on which to expect any further such

prosecutions.  See Buckhannon Board and Care Home, Inc. v. W. Va.

Dep't of Health and Human Resources, 532 U.S. 598, 609 (2001)

(suggesting that a case seeking equitable relief could be moot

where "it is 'absolutely clear that the allegedly wrongful

behavior could not reasonably be expected to recur'") (citing

Friends of the Earth, Inc. v. Laidlaw Env. Servs., Inc., 528 U.S.

167, 189 (2000).  This relief Lederman seeks is superfluous and

his claim is moot.  The District defendants' motion to dismiss

will be granted as to Lederman's claim for declaratory relief.

III. CLAIMS AGAINST THE ATTORNEY GENERAL

Lederman no longer seeks prospective injunctive relief

against the District's Attorney General.  See n.1., supra.  The

claim for declaratory relief as to the Attorney General is being

dismissed as moot.  Any claim for damages against the Attorney

General in her official capacity is duplicative of the claim

-13-

against the District itself.  See Atchinson v. Dist. of Columbia, 73 F.3d 418, 424 (D.C. Cir. 1996) ("A section 1983 suit for damages against municipal officials in their official capacities is thus equivalent to a suit against the municipality itself."); Moment v. Dist. of Columbia, Civil Action No. 05-2470 (RWR), 2007 WL 861138, *1 n.3 (D.D.C. Mar. 20, 2007) (dismissing as duplicative an official capacity suit against the mayor because "'an official-capacity suit is . . . to be treated as a suit against the entity'") (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)).  The official capacity claim against the District's Attorney General will be dismissed as redundant.  Accordingly, no claims against the Attorney General remain, and the Attorney General will be dismissed as a defendant from this suit.

CONCLUSION AND ORDER

The District defendants have not shown that Lederman can prove no set of facts to support adequately his § 1983 claim against the District.  Lederman's claim for declaratory relief is moot, and no claims remain as to the District's Attorney General.  Accordingly, it is hereby

ORDERED that the District defendants' motion [120] to dismiss be, and hereby is, DENIED in part and GRANTED in part.  The motion to dismiss Lederman's § 1983 claim against the District for damages is denied.  The motion to dismiss Lederman's

-14-

request for declaratory relief and to dismiss the Attorney

General from the suit is granted.  It is further

    ORDERED that the District shall have until May 14, 2007 to

file an answer to the second amended complaint.

    SIGNED this 13th day of April, 2007.


                                  /s/
                              RICHARD W. ROBERTS
                              United States District Judge