**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **ROBERT LEDERMAN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 99-3359 (RWR) |
| | ) | |
| **UNITED STATES OF AMERICA,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Robert Lederman and the sole remaining defendant, the District of Columbia ("District"), have each moved for reconsideration of the memorandum opinion and order dated April 13, 2007 ("April Opinion"), which denied the District's motion to dismiss Lederman's § 1983 claim for damages. The parties agree that the April Opinion contained a factual error on which the court based its decision, but they do not urge the same result. In addition, the District notes that the memorandum opinion did not address one of its arguments. Because a factual error figured prominently in the April Opinion, the decision will be reconsidered. Because reconsideration does not alter the result, the relief sought by the District will be denied, the relief sought by Lederman will be granted, and the decision to deny the District's motion to dismiss Lederman's § 1983 claim will be reaffirmed.

-2-

BACKGROUND

Lederman was arrested and prosecuted for distributing leaflets on the grounds of the United States Capitol. He sought and obtained a permanent injunction and a declaratory judgment that the regulation underlying his arrest and prosecution was an unwarranted infringement, facially and as applied, on speech protected by the First Amendment. See Lederman v. United States, 89 F. Supp. 2d 29, 43 (D.D.C. 2000); Order for Permanent Injunction, Oct. 1, 2002.

Subsequently, the District obtained judgment as a matter of law on Lederman's 42 U.S.C. § 1983 claim for damages, "[b]ecause the arresting officers had probable cause." Mem. Op., July 1, 2003, at 5. Lederman moved to vacate that judgment for the District, clarifying that "Lederman's claim against the District of Columbia is based on the theory that the District is liable for damages and subject to declaratory relief simply because it prosecuted Lederman under a regulation that was unconstitutional on its face and as applied. Lederman has never sought to hold the District of Columbia defendants liable on a theory of false arrest or false imprisonment." (Pl's Mot. to Alter or Amend Judgment at 2.) Accordingly, the judgment for the District was vacated, the parties submitted supplemental briefing on the issue, and the District's motion to dismiss Lederman's § 1983 claim was denied for the reasons stated in the April Opinion.

Now, both parties assert that a factual error infected the decision explained in the April Opinion, and the District complains that the April Opinion did not address one of its arguments.

## DISCUSSION

Motions for reconsideration of interlocutory orders are governed by Federal Rule of Civil Procedure 54(b), and are left to the sound discretion of the trial court to decide as justice requires. Cobell v. Norton, 224 F.R.D. 266, 271-72 (D.D.C. 2004). Due to considerations of finality, predictability and preserving judicial resources, "as a rule [a] court[] should be loathe to [revisit its own prior decision] in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988) (internal quotations marks and citation omitted). However, reconsideration is generally considered appropriate where, as here, the court has made an error of apprehension. See Cobell, 224 F.R.D. at 272 (reviewing cases).

I.  APPLICABLE EXCLUSIVELY TO THE DISTRICT

Section 1983 of Title 42 of the United States Code provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other

>person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .  For purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

As a threshold matter, Lederman's § 1983 claim for damages against the District cannot survive unless the unconstitutional regulation was an "Act of Congress applicable exclusively to the District of Columbia," and therefore properly "considered to be a statute of the District of Columbia" for the purposes of § 1983. 42 U.S.C. § 1983.  The April Opinion side-stepped the issue of whether the unconstitutional regulation was an Act of Congress applicable exclusively to the District.  Instead, it concluded that the regulation was a District statute by virtue of what the Opinion deemed to be the fact that the District Council had affirmatively adopted it.  See April Op. at 6-7.  The parties have since informed the court -- and there is no dispute -- that the District Council did not affirmatively adopt the unconstitutional regulation.  Rather, the regulation took effect without any action by the District Council.  Thus, the issue of whether the regulation was an Act of Congress applicable exclusively to the District of Columbia must now be determined.

The April Opinion stated that Lederman's textual analysis in support of his argument that the regulation was a District statute "would require a construction of the term 'exclusive'

-5-

that would alter its ordinary meaning." April Op. at 5. Lederman convincingly rebuts that statement. (See Pl.'s Mem. in Opp'n to District's Mot. for Recons. of Decision Denying Mot. to Dismiss the Second Am. Compl. and in Supp. of Pl.'s Cross-Mot. for Recons. at 3.) Lederman correctly observes that the pertinent analytical question posed by exclusivity requirement in § 1983 is whether the law at issue can be applied only, that is, exclusively, in the District. For the regulation at issue here, the answer is yes. It is irrelevant for purposes of § 1983 that the regulation was not applicable everywhere within the District. What is relevant is that the regulation was applicable only in the District. (Id.) This conclusion is buttressed by the fact that the Capitol grounds, where the regulation was intended to apply, is not an enclave immune from District law generally. (Id. at 5 ("The Capitol and Capitol grounds are not like a foreign embassy -- within the District's borders but beyond the reach of its laws. On the contrary, ordinary D.C. law applies on the Capitol grounds.").) In short, Lederman has shown that by law, the Capitol grounds are within the District (see id. at 4 n.3 (citing 4 U.S.C. § 71)) and are subject to the District's general laws (see id. at 5 n.6 (citing D.C. Code § 5-133.05)), and the District has not shown that the regulation at issue is properly considered a federal rather than a District regulation. Thus, the unconstitutional regulation was an "Act of Congress

-6-

applicable exclusively to the District of Columbia" and therefore "shall be considered to be a statute of the District of Columbia." Accordingly, the District will not be granted relief from the Order accompanying the April Opinion on this ground.

II.  PROBABLE CAUSE FOR ARREST

The District, in arguing that probable cause for arrest immunizes the District from § 1983 damages, attempts to resurrect an earlier result that was based on a misapprehension of Lederman's theory of the case. Lederman seeks damages for being prosecuted, see April Op. at 9, not for being arrested. The District's argument regarding probable cause relies on cases that are inapposite and do not establish that a state or city is immune from § 1983 damages for prosecuting an arrestee for breaking a law that unconstitutionally abridges speech so long as the arresting officer had probable cause to arrest. Even if the arresting officer acted on the basis of probable cause, the District elected to prosecute Lederman for violating a facially unconstitutional regulation when it was free to elect otherwise. See April Op. at 9-10 ("The governing statute dose not require the District's Attorney General actually to prosecute all violations of the . . . regulation[]."). In electing to prosecute Lederman, "[t]he Attorney General acted under color of a District law and executed the District's policy or custom, . . . made by . . . those whose edicts or acts may fairly be said

-7-

to represent official policy." April Op. at 10 (quoting <u>Monell v. Dep't of Soc. Servs. of the City of New York</u>, 346 U.S. 658, 694 (1978) (internal quotation marks omitted). Here, the District has not shown that Lederman is barred from seeking § 1983 damages from the District for his prosecution for violating a regulation that, on its face, was an unconstitutional infringement of his speech protected by the First Amendment. Accordingly, the District will not be granted relief from the April Order denying its motion to dismiss Lederman's claim for damages under § 1983.

## CONCLUSION AND ORDER

Because the District elected to prosecute Lederman for a violation of a regulation that was applicable exclusively to the District and that on its face unconstitutionally abridged Lederman's First Amendment speech guarantee, it is hereby

ORDERED that the District's motion [155] for reconsideration and relief from the April 13, 2007 Order be, and hereby is, DENIED. It is further

ORDERED that Lederman's motion [156] for reconsideration and reaffirmance of the April 13, 2007 Order be, and hereby is GRANTED. The April 13, 2007 denying the District's motion to dismiss Lederman's § 1983 claim against the District for damages is hereby REAFFIRMED.

-8-

SIGNED this 29th day of February, 2008.

                                                       /s/\
                                     RICHARD W. ROBERTS\
                                     United States District Judge